UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

NATHAN HAPKE
204 Nye Street
Hortonville, Wisconsin 54944

    Plaintiff,

v.

EXTREME CUSTOMS, LLC
3420 Jackson Street
Oshkosh, Wisconsin 54901

    and

TYLER REILLY
3420 Jackson Street
Oshkosh, Wisconsin 54901

    Defendants

Case No.: 19-cv-907

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Nathan Hapke, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and/or operate their business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Nathan Hapke, is an adult male resident of the State of Wisconsin with a post office address of 204 Nye Street, Hortonville, Wisconsin 54944.

5. Defendant, Extreme Customs, LLC (hereinafter simply "Defendant Company"), was, at all material times herein, a commercial entity with a principal address of 3420 Jackson Street, Oshkosh, Wisconsin 54901.

6. Defendant, Tyler Reilly (hereinafter simply "Defendant Reilly"), was, at all material times herein, an individual resident of the State of Wisconsin with a principal business address of 3420 Jackson Street, Oshkosh, Wisconsin 54901.

7. Defendant Company sells automobile parts (such as wheels and tires), kits, and accessories.

8. Defendant Company does not sell automobiles, trucks, or farm implements to the general public and/or ultimate purchasers.

9. Defendant Company does not sell trailers, boats, snowmobiles, other recreational vehicles, or aircraft to the general public and/or ultimate purchasers.

10. Defendant Reilly owns, operates, and manages Defendant Company.

11. During the relevant time periods as stated herein, Defendant Company was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

12. During the relevant time periods as stated herein, Defendant Company employed more than two (2) employees.

13. During the relevant time periods as stated herein, Defendant Company's annual dollar volume of sales or business exceeded $500,000.

14. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

15. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

16. During the relevant time periods as stated herein, Defendant Reilly was an "employer" as that term is defined under the FLSA and/or the WWPCL.

17. During Plaintiff's employment with Defendants, Defendant Reilly supervised Plaintiff's day-to-day activities.

18. During Plaintiff's employment with Defendants, Defendant Reilly had the ability and authority to (and actually did), hire, terminate, promote, demote, and suspend Plaintiff.

19. During Plaintiff's employment with Defendants, Defendant Reilly had the ability and authority to (and actually did), review Plaintiff's work performance.

20. During Plaintiff's employment with Defendants, Defendant Reilly established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

21. During Plaintiff's employment with Defendants, Defendant Reilly controlled the terms and conditions of Plaintiff's employment.

22. During Plaintiff's employment with Defendants, Defendant Reilly established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

23. During Plaintiff's employment with Defendants, Defendant Reilly tracked and recorded Plaintiff's hours of work.

24. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

25. During Plaintiff's employment with Defendants and in furtherance of his job duties and responsibilities as part of Defendants' business practice, Plaintiff regularly engaged in interstate sales and/or telephone communications and/or e-mail correspondence with Defendants' customers, prospective customers, and third-party vendors.

## **GENERAL ALLEGATIONS**

26. In approximately October 2015, Defendant Reilly hired Plaintiff as a Sales Associate.

27. During the entirety of Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Reilly.

28. In approximately late May 2019, Plaintiff's employment with Defendants ended.

29. During Plaintiff's employment with Defendants, Defendants' established workweek for FLSA and/or WWPCL purposes was Sunday through Saturday.

30. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a bi-weekly basis via check.

31. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff both on a salary and on an hourly basis.

32. During Plaintiff's employment with Defendants and in addition to compensating Plaintiff with his weekly salary and/or hourly rate of pay, Defendants compensated Plaintiff with other, agreed-upon monetary payments, such as performance-based monetary commissions and bonuses.

33. During the entirety of Plaintiff's employment with Defendants, Plaintiff's primary job duty as a Sales Associate was to sell automobile parts (such as wheels and tires), kits, and accessories directly to Defendants' customers.

34. During the entirety of Plaintiff's employment with Defendants, Plaintiff physically performed his job duties and responsibilities at Defendants' Oshkosh, Wisconsin location.

35. During the entirety of Plaintiff's employment with Defendants, Plaintiff performed his job duties and responsibilities at Defendants' Oshkosh, Wisconsin location with Defendants' knowledge, on Defendants' behalf, and/or at Defendants' direction.

36. During the entirety of Plaintiff's employment with Defendants as a Sales Associate, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

37. During the entirety of Plaintiff's employment with Defendants in the position of Sales Associate, Plaintiff performed non-exempt job duties under the FLSA and WWPCL.

38. During the majority of Plaintiff's employment with Defendant in the position of Sales Associate, Defendant's compensation classification of Plaintiff was, incorrectly and erroneously, "exempt" for purposes of the FLSA and WWPCL.

39. During Plaintiff's employment with Defendants as a Sales Associate, Plaintiff frequently worked in excess of forty (40) hours per workweek.

40. During Plaintiff's employment with Defendants as a Sales Associate and despite frequently working in excess of forty (40) hours per workweek, Defendants did not compensate Plaintiff with overtime pay for any and all hours worked in excess of forty (40) hours in a workweek.

41. During Plaintiff's employment with Defendants as a Sales Associate and despite frequently working in excess of forty (40) hours per workweek, Defendants failed to include the additional non-discretionary forms of monetary compensation paid to Plaintiff – including but not limited to Plaintiff's performance-based monetary commissions and bonuses – in Plaintiff's regular rate(s) of pay when determining overtime compensation due to him during workweeks when he worked more than forty (40) hours.

42. At times during Plaintiff's employment with Defendants as a Sales Associate, Defendants altogether failed to compensate Plaintiff's earned and agreed-upon performance-based monetary commissions and bonuses.

43. During the entirety of Plaintiff's employment with Defendants as a Sales Associate, Plaintiff performed his job duties and responsibilities at the direction of Defendant Reilly, who gave Plaintiff specific instructions as to how to perform his job duties and/or to perform his job duties within the prescribed procedures and/or limits established by Defendant Reilly.

44. On a daily basis during Plaintiff's employment with Defendants as a Sales Associate, Plaintiff performed his job duties in an office setting at Defendant's Oshkosh, Wisconsin location.

45. During Plaintiff's employment with Defendants as a Sales Associate, Plaintiff did not customarily and regularly direct the work of at least two of Defendants' employees.

46. During Plaintiff's employment with Defendants as a Sales Associate, no employees of Defendants reported directly to Plaintiff.

47. During Plaintiff's employment with Defendants as a Sales Associate, Plaintiff did not have the authority or ability to hire, terminate, suspend, demote, or promote Defendants' employees or to establish the terms and conditions of employment of Defendants' employees.

48. During Plaintiff's employment with Defendants as a Sales Associate, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of his job duties.

49. During Plaintiff's employment with Defendants as a Sales Associate, Plaintiff's primary job duties did not directly relate to Defendants' management or general business operations.

50. During Plaintiff's employment with Defendants as a Sales Associate, Plaintiff did not, in the performance of his job duties, compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

51. During Plaintiff's employment with Defendants as a Sales Associate, Plaintiff did not, in the performance of his job duties, have authority to make an independent choice, free from immediate direction or supervision from Defendant Reilly, or to waive or deviate from Defendants' established policies and/or procedures without Defendants' prior approval.

52. During Plaintiff's employment with Defendants as a Sales Associate, Plaintiff's job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

53. During Plaintiff's employment with Defendants as a Sales Associate, Plaintiff's job duties did not require him to perform specialized or technical work and did not require him to have special training, experience, and/or knowledge.

54. During Plaintiff's employment with Defendants as a Sales Associate, Plaintiff did not spend the majority of his time each workweek making sales directly to Defendants' customers outside of Defendants' Oshkosh, Wisconsin location.

55. During Plaintiff's employment with Defendants as a Sales Associate, Defendants did not establish a "representative period," as that phrase is used in the FLSA and WWPCL, relating to Plaintiff's commissioned-based payments prior to Plaintiff's performance of the work.

56. During Plaintiff's employment with Defendants as a Sales Associate, Defendants did not compensate Plaintiff with commission-based payments that exceeded at least half of his total earnings in a representative period.

57. During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating him for all hours worked in a workweek, including but not limited to at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

58. During Plaintiff's employment with Defendants, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek.

59. Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted him to work) in a workweek in accordance with the FLSA and WWPCL.

60. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

61. Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

**FIRST CAUSES OF ACTION – FLSA VIOLATIONS**
**(OVERTIME PAY OWED: HOURS WORKED AND**
**NON-DISCRETIONARY COMPENSATION)**

62. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

63. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

64. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

65. At all times material herein, Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

66. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

67. Defendants also intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek by failing to include all non-discretionary forms of monetary compensation in Plaintiff's regular rate(s) of pay when determining overtime compensation due to him during workweeks when he worked more than forty (40) hours.

68. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at an overtime rate of pay during workweeks when he worked more than forty (40) hours was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

69. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

70. Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendants.

71. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### SECOND CAUSES OF ACTION – WWPCL VIOLATIONS
### (OVERTIME PAY OWED: HOURS WORKED AND
### NON-DISCRETIONARY COMPENSATION)

72. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

73. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

74. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

75. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

76. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay.

77. During Plaintiff's employment with Defendants, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

78. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay in accordance with the WWPCL.

79. During Plaintiff's employment with Defendants, Defendants failed to include all non-discretionary forms of monetary compensation in Plaintiff's regular rate(s) of pay when determining overtime compensation due to him during workweeks when he worked more than forty (40) hours.

80. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

81. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

82. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**THIRD CAUSE OF ACTION – WWPCL VIOLATIONS**
**(FAILURE TO PAY AN AGREED-UPON WAGE)**

83. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

84. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

85. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

86. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

87. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

88. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate him with agreed-upon commission payments for all hours worked and work performed during his employment with Defendants, in violation of the WWPCL.

89. Further, during Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff for each and every hour worked, in accordance with Wis. Stat. § 109.03 and Wis. Admin. Code § DWD 272, either at the higher of his agreed-upon rate of pay or a rate of pay no less than the minimum wage, in violation of the WWPCL.

90. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

91. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the

Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

92. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and agreed-upon wages, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendants;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 20th day of June, 2019

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        **s/** ***Scott S. Luzi***
        Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
sluzi@walcheskeluzi.com